Rachel C. Lee, OSB No. 102944
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
(503) 224-3380
rachel.lee@stoel.com

Thomas Demitrack (*pro hac vice* motion forthcoming)
Calland Ferraro (*pro hac vice* motion forthcoming)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
tdemitrack@jonesday.com
cferraro@jonesday.com

Lee A. Armstrong (*pro hac vice* motion forthcoming)
Allison L. Waks (*pro hac vice* motion forthcoming)
JONES DAY
250 Vesey Street
New York, NY  10281-1047
(212) 326-3939
laarmstrong@jonesday.com
awaks@jonesday.com

    *Attorneys for Sirius XM*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RANDALL BETTISON, individually and on behalf of all others similarly situated, | Case No.  3:18-cv-1065 |
| Plaintiff, | (Multnomah County Circuit Court Case No. 18CV19963) |
| v. | |
| SIRIUS XM RADIO INC., | NOTICE OF REMOVAL |
| Defendant. | |

Page 1   -   NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Sirius XM Radio Inc. ("Sirius XM") removes this action from the Circuit Court of the State of Oregon for the County of Multnomah, to the United States District Court for the District of Oregon in Portland, Oregon, and states as follows:

## I.  BACKGROUND

**A.    Procedural History**

1.      On May 17, 2018, Plaintiff Randall Bettison filed a class action complaint in the Circuit Court of the State of Oregon, for the County of Multnomah, entitled *Randall Bettison v. Sirius XM Radio Inc.*, Multnomah County Circuit Court Case No. 18CV19963 ("Complaint").

2.      The Summons and Complaint were served on Sirius XM on May 21, 2018.

3.      Sirius XM has not yet answered or otherwise responded to the Complaint, nor has its time to respond expired.

4.      As required by 28 U.S.C. § 1446(b), Sirius XM filed this Notice of Removal within 30 days of service.  *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348 (1999) (the 30-day clock runs from the date of "formal service").

5.      Attached as <u>Exhibit A</u> is a copy of the Summons, Complaint, and Jury Demand. These documents comprise all "process, pleadings, and orders served upon" Sirius XM in this action to date.  28 U.S.C. § 1446(a).

6.      Venue lies in this Court because the Multnomah County Circuit Court is located within this District and Division.  28 U.S.C. §§ 1441(a), 1446(a); Local Rule 3-2(a)(1).

7.      Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Sirius XM promptly will serve written notice thereof to counsel for Plaintiff and will file a copy of the

Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah.

**B.    The Claims Asserted in the Complaint**

8.    Plaintiff seeks to represent a class of "[a]ll persons in Oregon who purchased a lifetime subscription" of satellite radio services from Sirius XM and whose lifetime subscription Sirius XM allegedly "later failed to honor within the person's lifetime without encumbrances." Complaint ¶ 17.  Specifically, Plaintiff alleges that Sirius XM sold lifetime subscriptions to him and the putative class members and that, contrary to Sirius XM's alleged representations, each subscription was "subject to a limited number of device transfers" and a $75 dollar-per-transfer fee.  Complaint ¶¶ 15-16.  He brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, unjust enrichment, and violation of the Oregon Unlawful Trade Practices Act Or. Rev. Stat. § 646.605, *et. seq.* Complaint ¶¶ 32-73.  The remedies he seeks include class members' payments made in connection with the lifetime subscriptions, restitution, disgorgement, declaratory and injunctive relief, statutory damages, and attorney's fees.  Complaint ¶¶ 21, 31, 39, 47, 56, 72; *see also id.* ("Prayer For Relief").

## II.  JURISDICTION AND BASES FOR REMOVAL

9.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")).  CAFA grants federal courts original jurisdiction over a class action whenever:  (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" not less than 100, *id.* § 1332(d)(5)(B); and (3) "the matter in

controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs," *id.* § 1332(d)(2). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

10.    As an initial matter, this lawsuit is a proposed "class action" as defined by CAFA because it is brought by a representative of a putative class and filed in state court pursuant to a rule authorizing a class action. *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiff brings his claims under Oregon Rule of Civil Procedure 32, which authorizes class actions. Complaint ¶ 17.

11.    The remaining requirements for CAFA jurisdiction are also met here.

## A.    Minimal Diversity Exists

12.    The named Plaintiff here is diverse from Sirius XM. Plaintiff alleges that he is a citizen of Oregon, while Sirius XM is a Delaware corporation with its principal place of business in New York. *Id.* ¶¶ 2, 3. Accordingly, the minimal diversity requirement under CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

## B.    The Purported Class Consists of More Than 100 Members

13.    Although Sirius XM does not believe that Plaintiff has defined a proper class or that a class can be defined or maintained under the circumstances alleged, Plaintiff's allegations indicate that the proposed class of Oregon lifetime subscribers includes at least 100 members, as required by 28 U.S.C. § 1332(d)(5)(B). Plaintiff himself alleges that the class consists of "thousands of persons dispersed throughout Oregon." Complaint ¶ 24. And Sirius XM's business records indicate that, as of February 2017, there are 10,396 active Oregon lifetime subscribers.[1] The purported class therefore far exceeds 100 members.

---

[1] Sirius XM has not burdened the Court with unnecessary evidentiary submissions in

**C.    The Complaint Places in Controversy a Sum Greater than $5 Million**

14.    Although Sirius XM concedes neither liability on Plaintiff's claims nor the propriety of the relief he seeks, the Complaint places in controversy a sum greater than $5 million. *See* 28 U.S.C. § 1332(d)(2).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.  Where, as here, a complaint does not specify an amount sought, "the defendant's amount-in-controversy allegation should be accepted." *Id.* at 553.  If the figure is challenged by the plaintiff, the Court may request evidentiary submissions and must decide whether the amount-in-controversy requirement is met by a preponderance of the evidence. *Id.* at 554.  For purposes of assessing the jurisdictional amount, what matters is the amount put in controversy by the Complaint, not whether the Plaintiff's claims are meritorious or what amount Defendant will actually owe (if anything).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

15.    For his various claims, Plaintiff seeks a panoply of remedies, including amounts paid in connection with the lifetime subscriptions, restitution, disgorgement of profits, declaratory and injunctive relief, statutory damages, and attorney's fees.  Complaint ¶¶ 21, 31, 39, 47, 56, 72; *see also id.* ("Prayer For Relief").

16.    <u>Refund of the Purchase Price</u>.  Plaintiff, on behalf of the class, seeks a refund of the purchase price of the lifetime subscription, Complaint ¶¶ 39, 47, 56, which he claims was "approximately $500," *id.* at ¶ 13.  He alleges that his claims are typical of other class members.

---

support of the factual assertions in this Notice. *See Dart*, 135 S. Ct. at 551 (for removal purposes, "[a] statement 'short and plain' need not contain evidentiary submissions").  Sirius XM will make such submissions at the Court's request or if Plaintiff moves to remand the case to state court.

*Id.* at ¶ 25.  Extrapolating for the 10,396 putative class members, then, any alleged refund damages alone would exceed $5.1 million.  *See* 28 U.S.C.A. § 1332(d)(6) ("[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000.").

17.    <u>Other Damages</u>.  The above figure does not even include Plaintiff's request for attorney's fees, statutory damages, disgorgement, or injunctive relief.  Complaint ¶¶ 21, 31, 39, 47, 72; *id.* (Prayer for Relief).  These sums would also factor in to an amount-in-controversy calculation, *see Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011) ("[C]ourts may consider statutory damages . . . for purposes of calculating [the] amount in controversy."); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include . . . the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes."), though they need not be separately described here given that the refund damages sought by Plaintiff are sufficient to meet the jurisdictional amount.[2]

18.    All of the above makes clear that the amount-in-controversy exceeds the $5 million threshold for CAFA jurisdiction.  Removal is therefore proper.

### III.  RESERVATION OF RIGHTS

19.    In alleging the amount-in-controversy for purposes of removal, Sirius XM does not concede in any way that the allegations in the Complaint are accurate, that Sirius XM committed any of the violations of law or breaches of contract alleged in the Complaint, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the

---

[2] Sirius XM reserves the right to include these alleged damages in any amount-in-controversy calculation if Plaintiff moves to remand.

amounts sought is authorized or appropriate.  Nor does Sirius XM concede that Plaintiff's class is properly defined or that class certification is appropriate.  Finally, this Notice of Removal does not waive any and all claims or defenses by Sirius XM, all of which are expressly preserved herein.

20.    Sirius XM also reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Sirius XM respectfully removes this action from the Circuit Court of the State of Oregon, for the County of Multnomah, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and requests that this Court retain jurisdiction for all further proceedings.

DATED:  June 19, 2018.

s/ *Rachel C. Lee*
Rachel C. Lee, OSB No. 102944
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
(503) 224-3380
rachel.lee@stoel.com

Thomas Demitrack (*pro hac vice* motion forthcoming)
Calland Ferraro (*pro hac vice* motion forthcoming)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
tdemitrack@jonesday.com
cferraro@jonesday.com

Lee A. Armstrong (*pro hac vice* motion forthcoming)
Allison L. Waks (*pro hac vice* motion forthcoming)
JONES DAY
250 Vesey Street
New York, NY  10281-1047
(212) 326-3939
laarmstrong@jonesday.com
awaks@jonesday.com

*Attorneys for Sirius XM*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing NOTICE OF REMOVAL on the following

named person(s) on the date indicated below by

☒  mailing with postage prepaid

☐  hand delivery

☐  facsimile transmission

☐  overnight delivery

☒  email (courtesy copy)

☐  notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s)

at his or her last-known address(es) indicated below.

Keith S. Dubanevich
Stoll Stoll Berne Lokting & Schlachter P.C.
209 SW Oak Street, Suite 500
Portland, OR  97204
Facsimile: (503) 227-6840
kdubanevich@stollberne.com

Attorneys for Plaintiff

DATED:  June 19, 2018.

STOEL RIVES LLP

s/ *Rachel C. Lee*
RACHEL C. LEE, OSB No. 102944
rachel.lee@stoel.com

*Attorney for Sirius XM*